**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**Philadelphia Division**

| | |
|---|---|
| Florence M. Guillory, *Debtor.* | Chapter 7<br>Case No. 24-11417-amc |
| Florence M. Guillory, *Plaintiff,*<br><br>v.<br><br>Clearview Federal Credit Union, *Defendant.* | Adversary No. |

## Complaint

Plaintiff Florence M. Guillory, through her attorney, alleges the following:

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

3. The Plaintiff has standing to bring this action pursuant to 11 U.S.C. §§ 547, 362, 727 and Fed. R. Bankr. P. 7001.

4. Venue is proper pursuant to 28 U.S.C. § 1409(a).

5. The Plaintiff consents to the entry of a final order or judgment by the Court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with U.S. Const. art. III.

## Parties

6. Plaintiff Florence M. Guillory is an individual who is and was at all relevant times a resident of the state of Pennsylvania.

7. Defendant Clearview Federal Credit Union is a federal credit union with a principal place of business located at 8805 University Boulevard, Moon Township, PA 15108-4212.

## Background

8. On April 26, 2024, the Plaintiff filed a voluntary petition for relief under chapter 7 of Title 11, United States Code, thereby launching bankruptcy case number 24-11417-amc in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania.

9. The Plaintiff maintains a depository checking account with the Defendant.

10. On or about April 30, 2024, the Defendant involuntarily deducted $3,389.26 from the Plaintiff's checking account for satisfaction of a debt owed to the Defendant.

## Count One

11. The Plaintiff re-alleges and incorporates all proceeding paragraphs as if fully set forth here.

12. The defendant is a creditor as defined by 11 U.S.C. §§ 101(10) and 547(b)(1).

13. The transfer was made for the benefit of the Defendant because the transfer reduced or fully satisfied a debt owed to Defendant.

14. The transfer is an avoidable preference pursuant to 11 U.S.C. § 547(b), which the Plaintiff is entitled to recover in full pursuant to 11 U.S.C. § 550(a).

## Count Two

15. The Plaintiff re-alleges and incorporates all proceeding paragraphs.

16. The Defendant violated the automatic stay provided by 11 U.S.C. § 362(a) when it took action against the Plaintiff to collect a debt after the bankruptcy case was filed.

17. Accordingly, the Defendant is liable to the Plaintiff for sanctions.

## Request for Relief

The Plaintiff requests entry of judgment against the Defendant for turnover of property, attorney fees and costs, and all other relief that is necessary and proper under the law.

Date: May 23, 2024

CIBIK LAW, P.C.
*Attorney for Plaintiff*

By: _____
Mike Assad (#330937)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
help@cibiklaw.com