**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Chapter 7 |
| Florence M. Guillory | Case No. 24-11417-AMC |
| Debtor. | |

**MOTION OF CLEARVIEW FEDERAL CREDIT UNION FOR RELIEF FROM THE AUTOMATIC STAY TO EXERCISE SETOFF RIGHTS**

Clearview Federal Credit Union ("Clearview") hereby moves this Court ("Motion") pursuant to sections 362(d) and 553(a) of title 11 of the United States Code ("Bankruptcy Code") and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") for relief form the automatic stay to permit Clearview to effectuate its right of setoff against Debtor. In support of this Motion, Clearview respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. sections 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. section 157(b). Clearview confirms its consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue for this matter is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409.

3. The bases for the relief requested herein are sections 362(d) and 443(a) of the Bankruptcy Code and Bankruptcy Rule 4001(a).

**INTRODUCTION**

4. On April 26, 2024 ("Petition Date"), Florence M. Guillory ("Debtor") filed a voluntary petition under chapter 13 of the Bankruptcy Code.

5. Clearview is a secured creditor of Debtor by virtue of its security interest in the Debtor's share accounts held at Clearview (collectively, the "Accounts").[1]

6. As set forth more fully herein, Debtor borrowed funds from Clearview and granted to Clearview a security interest in the Accounts. The applicable loan documents grant to Clearview the right of setoff with respect to any of Debtor's funds held in the Accounts.

7. Clearview placed an administrative hold on the accounts pending disposition of this request for relief from the automatic stay to effectuate a setoff with respect to the accounts.

8. Debtor recently commenced an adversary proceeding against Clearview alleging, *inter alia*, Clearview has received a purported preferential transfer under Bankruptcy Code 547(b) and Clearview has violated the automatic stay. Clearview disputes the allegations in the adversary proceeding and reserves all of its rights in connection therewith. Clearview believes that the disposition of this Motion will moot the adversary proceeding entirely.[2]

**BACKGROUND**

**A.  Debtor's Obligations to Clearview Federal Credit Union**

9. On or about March 3, 1998, Clearview, then known as U.S. Airways Federal Credit Union, extended Debtor a line of credit in the maximum principal amount of $1,500.00. On December 8, 2023, Clearview extended Debtor an additional line of credit in the maximum principal amount of $1,000.00 (together with Debtor's 1998 loan, collectively the "Loan"). *See*

---

[1] Because credit unions are co-operatively owned, members' deposits are treated as shares.
[2] Clearview, through its undersigned counsel, has made several attempts to contact Debtors' counsel regarding this matter and the adversary proceeding, however, Debtors counsel has not yet responded to Clearview.

2

*Declaration of Alisha N. Moses in Support of Motion of Clearview Federal Credit Union for Relief From the Automatic Stay to Exercise Setoff Rights* attached hereto as **Exhibit 1** (the "Moses Declaration"). As evidence of the Loan, Debtor and Clearview executed that certain Loan and Security Agreements and Disclosure Statements dated as of December 8, 2023 (the "Loan and Security Agreement"). *See* Ex. C to Moses Declaration, p. 14-18 (Loan and Security Agreement).

10. The obligations of the Debtor under the Loan and Security Agreement are secured by, *inter alia*, a pledge of Debtor's share Accounts held with Clearview. *Id*. Specifically, the Loan and Security Agreement provides, in relevant part:

> **SECURITY FOR LOAN** – This Agreement is secured by all property described in the "Security" section of the Truth in Lending Disclosure. Property securing other loans You have with Us also secures this loan, unless the property is a dwelling or otherwise prohibited by federal and/or state law. In addition to Your pledge of shares, We may also have what is known as a statutory lien on all individual and joint accounts You have with Us. A statutory lien means We have a right under Federal and/or state law to claim an interest in Your accounts. Unless otherwise prohibited by federal and/or state law. We can enforce a statutory lien against Your shares and dividends and, if any, interests and deposits, in all individual and joint accounts You have with Us to satisfy any outstanding financial obligation that is due and payable to Us. We may exercise Our right to enforce this lien without further notice to You, to the extent permitted by law. **For all borrowers**: You pledge as security for this loan all shares and dividends and, if any, all deposits and interest in all joint and individual accounts You have with the Credit Union now and in the future. **The statutory lien and/or Your pledge will allow Us to apply the funds in Your account(s) to what You owe when You are in default.**

*Id*.

11. Pursuant to the Loan and Security Agreement, "Defaults" include: (1) failure to make payment when due, (2) death, (3) filing for bankruptcy, (4) becoming insolvent, or (5) making false or misleading statements on the loan application. *Id*.

3

12. Finally, the Loan and Security Agreement explains that in the event of a default "We will also apply against what You owe any shares and/or deposits given as security under this Agreement. We may also exercise any other rights given by law when You are in default." *Id*.

13. As of the Petition Date, the Loans had an aggregate outstanding balance of $3,389.29. *See* Ex. C to Moses Declaration, p. 25 (Loan Statement).

**B.    Debtor's Accounts with Clearview Federal Credit Union**

14. Debtor maintains two (2) Accounts with Clearview. The first account, ending in x0009, had a balance of approximately $5,752.32 as of the Petition Date and $3,404.12 as of the last statement period ending May 31, 2024. The second account, ending x0000, had a balance of approximately $33.90 as of the Petition Date and $10.90 as of the last statement period ending May 31, 2024. *See* Ex. A to Moses Declaration (Post Petition Bank Statement); Ex. C to Moses Declaration, p. 21-24. (Pre-Petition Bank Statement). Debtor continues to use the Accounts for everyday transactions and therefore the amount of Clearview's security fluctuates daily. *Id*.

15. On April 30, 2024, Clearview placed a temporary administrative hold in the amount of $3,389.29 on the Accounts pending the resolution of this Motion. Ex. C to Moses Declaration, p. 19 (Record of Administrative Hold).

16. On May 23, 2024, Debtor commenced an adversary proceeding against Clearview alleging that Clearview had "involuntarily deducted $3,389.26 from the [Debtor's] checking account for satisfaction of a debt owed to the [Debtor]." *See* Ex. B to Moses Declaration (Adversary Complaint) at ¶ 10. Debtor seeks avoidance and recovery of the purported payment as an alleged avoidable preference pursuant to 11 U.S.C. § 547(b). *Id*. at ¶¶ 11 14. Debtor also seeks sanctions against Clearview for alleged violation of the automatic stay. *Id*. at ¶¶ 15 17. Clearview denies any liability in connection with the adversary proceeding and reserves all rights.

17. On June 10, 2024, Clearview filed proof of claim number 1-1 (the "Clearview Claim"), which asserts a secured claim in the amount of $3,389.29, secured by the Accounts. *See* Ex. C to Moses Declaration (Clearview Claim).

## RELIEF REQUESTED

18. By this Motion, Clearview seeks an order granting it relief from the automatic stay to effectuate a setoff of funds in the Accounts in an amount up to $3,389.29 in full and final satisfaction of the Clearview Claim.

## BASIS FOR RELIEF

19. Pursuant to section 362(a) of the Bankruptcy Code, the filing of a bankruptcy petition gives rise to an automatic stay of various types of activity by creditors, including "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor." 11 U.S.C. §362(a)(7).

20. As a result, in order for a creditor to effectuate a setoff, it must first move the bankruptcy court for relief from the automatic stay under section 362(d) for cause, including the lack of adequate protection of an interest in the property of the moving creditor. *See* 11 U.S.C. § 362(d).

21. Section 553 of the Bankruptcy Code preserves a creditor's setoff rights within a bankruptcy proceeding. Specifically, section 553 provides that a creditor has the right to "offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case." *See* 11 U.S.C. § 553(a).

22. As a result, setoff "allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding "the absurdity of making A pay B when B owes A,"

*Strumpf*, 516 U.S. at 18. (quoting *Studley v. Boyleston Nat. Bank of Boston*, 229 U.S. 512, 528 (1913). In order for setoff rights to arise, there must be (1) mutuality of obligation between the depositor and the bank, (2) the funds to be setoff must belong to the depositor, (3) the funds must be deposited in a general, as opposed to special purpose, account, and (4) the debt owed to the bank by the depositor must be matured. *In re Szymanski*, 413 B.R. 232, 245 (Bankr. E.D. Pa. 2009). Mutuality is understood to mean that the debts are for the same right, between the same parties that are standing in the same capacity. *Id*. In the bankruptcy context, mutuality also requires that both debts arise before the commencement of the bankruptcy case. *See In re Orexigen Therapeutics, Inc.*, 900 F.3d 748, 754 (3d Cir. 2021).

23. Courts in this circuit have held that once a creditor establishes a right to setoff, such creditor has made a *prima facie* showing of cause under section 362(d). *Holber v. Suffolk Constr. Co.*, 480 B.R. 576, 617 (Bankr. E.D.Pa. 2012).

24. Prior to the Petition Date, Debtor owed a debt to Clearview and Clearview, in turn, owed a debt to Debtor. Specifically, as of the Petition Date, the Accounts held an aggregate amount of $5,786.22 of the Debtor's funds, creating a debt from Clearview to the Debtor. Moses Declaration Ex. C, p. 21-24. As of the date of the last statement period ending May 31, 2024, the Accounts hold $3,415.02. Moses Declaration Ex. A.

25. Clearview, in turn, has a claim against Debtor for the obligations of the Debtor under the Loan and Security Agreement. The principal balance of the Loans, as of the date hereof, is $3,389.29, which together with all interest, costs and expenses, including without limitation, attorneys' fees, constitutes Clearview's Claim. *See* 11 U.S.C. §101(5) (defining "claim" as a "right to payment, whether or not such right is reduced to judgment… matured.. legal, equitable, secured, unsecured…"). Moses Declaration Ex. A.

26.　　The debts between Debtor and Clearview are also mutual because the parties are identical in standing in the same capacity.

27.　　Further, no equitable grounds exist to deny the setoff. Clearview has not engaged in equitable, illegal or fraudulent acts, nor does the setoff violate public policy. *See also In re Nuclear Imaging Systems, Inc.*, 260 B.R. 724 (Bankr. E.D.Pa. 2000) (noting that courts disallow setoff in compelling circumstances).

28.　　The temporary administrative hold placed by Clearview on the Accounts to preserve its setoff right pending the disposition of this Motion is not a violation of the automatic stay, and is consistent with the Bankruptcy Code and related case law. Courts, including in this circuit, have routinely held that it is not a violation of the automatic stay for secured creditors to preemptively place a temporary administrative hold on a bank account of a debtor while such secured creditor prepares to promptly file a motion for relief from the automatic stay. *See Citizens Bank v. Strumpf*, 516 U.S. 16 (1995); *also Nuclear Imaging,* 260 B.R. 724 (Health Care Financing Administration's freeze of payment of Medicare claims to debtor was not violation of automatic stay); *In re Czyzk*, 297 B.R. 406, 407 (Bankr. D.N.J. 2003) (bank's administrative hold was not a violation of the automatic stay); *In re Stienes*, 285 B.R. 360 (Bankr. D.N.J. 2002) (IRS's administrative hold of tax refund was not a violation of the automatic stay).

29.　　Additionally, cause exists for relief from the automatic stay as to Clearview because Clearview's security interest in the Accounts is not adequately protected. Debtor continues to use the Accounts for everyday transactions and therefore the amount of Clearview's security fluctuates daily. *See* Moses Declaration at Ex. A.

30.　　Given the reasons set forth herein and the lack of adequate protection of Clearview's interest in the Accounts, Clearview submits that the proposed setoff is appropriate

and authorized under sections 362(d) and 553 of the Bankruptcy Code and Clearview should be granted relief from the automatic stay to effectuate such setoff.

## CONCLUSION

WHEREFORE, Clearview respectfully requests that this Court enter an order substantially in the form attached hereto as **Exhibit 2**, granting Clearview relief from the automatic stay to effectuate a setoff against the Accounts, and to enter such other relief as this Court deems just and appropriate.

Dated: June 14, 2024                                        **BLANK ROME LLP**

*/s/ Josef W. Mintz*
Josef W. Mintz (PA No. 208856)
Jordan L. Williams (PA No. 330461)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Telephone:    (215) 569-5500
Facsimile:    (215) 569-5555
Josef.Mintz@BlankRome.com
Jordan.Williams@BlankRome.com

*Counsel to Clearview Federal Credit Union*